### ROHRER v STATE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1057.   Decided April 20, 1931

R. N. Brumbaugh and N. Brumbaugh, of Dayton, for Rohrer.

Franklin Kehbiel, of Cincinnati, for the State.

### KUNKLE, J.

We have examined with considerable care the bill of exceptions containing the evidence submitted in the trial of this cause, and from such examination cannot escape the conclusion but that, there is not sufficient competent testimony in the record to warrant the finding of the plaintiff in error guilty beyond a reasonable doubt as is required in criminal cases. Plaintiff in error gives his version of this transaction which is in many particulars undisputed and which, if true, shows that he was passing along the street in his automobile when he met Etta Bosh, whom he knew well, and who was waiting on a street car and as he passed her she inquired as to whether he was going that way. He replied he was, stopped his automobile and took her in; that he drove up to the curb when she asked to be let out and that he did not notice whether she did or did not have any package with her. It was not denied that Etta Bosh had the packages in question and disposed of them in the manner described in the bill of exceptions.

On page 10 of the bill of exceptions some testimony of the arresting officer is as follows:

He states that the package in question was wrapped in newspaper. He was then asked:

"Q. When you took them off, what did you find inside the wrappings? A. Whiskey.

Q. Did you taste it? A. I did not.

Q. Did you drink it? A. No, sir.

Q. What was done with the liquor in the bottle?

A. Taken to the station house and put under lock and key."

At page 23 another officer testified as follows:

"Q. And it was not until she unwrapped it and took out a bottle that you knew what it contained?

A. I did not.

Q. That's the first you knew what it contained.

A. Yes, sir it was.

Q. Did you taste the contents of the bottle?

A. I did not.

Q. Did you open the bottle? A. I did not."

Another officer testified that the contents of the said bottles was analyzed, but no analysis is presented for the consideration of the court.

From a consideration of the entire record, we cannot, as above stated, escape the conclusion but that the testimony does not show the alcoholic content of the bottles in question, and that the testimony does not warrant a conviction of plaintiff in error beyond a reasonable doubt. Judgment of the lower court must therefore be reversed and cause remanded for a new trial as provided by law.

ALLREAD, PJ, and HORNBECK, J, concur.